CITY OF MIAMI v. STARKY.

Circuit Court, Dade County, Criminal Appeal.

July 3, 1953.

Hubbard & Everett, Miami, for appellant.

Jack M. Smith, Assistant City Attorney, Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment of the municipal court of Miami finding the appellant guilty of the charge of—"unlawful possession of two lottery tickets representing an interest in a lottery to be played."

The evidence shows that the defendant was observed selling or dispensing bolita lottery tickets to certain individuals. He was then arrested with the stubs or duplicates of the ticket or tickets he had thus sold.

The point which is determinative of this appeal is that a duplicate lottery ticket retained by the seller is nothing more than a stub or record of the transaction retained for obvious present and future purposes, but it does not amount to or represent a lottery ticket in the sense of being "an interest in a lottery to be played."

This point has been decided by the United States Supreme Court in Francis v. United States, 188 U. S. 375, 47 L. ed. 508. In explanation of a similar holding there that Court said through Mr. Justice Holmes—

> A ticket, of course, is a thing which is the holder's means of making good his rights. The essence of it is that it is in the hands of the other party to the contract with the lottery as a document of title. It seems to us quite plain that the alternative instrument mentioned by the statute, *viz.*, a paper representing an interest in a lottery, equally is a document of title to the purchaser and holder,—the thing by holding which he makes good his right to a chance in the game. But the slips transported, as we have pointed out, were not the purchasers' documents. It is true that they corresponded in contents, and so in one sense represented or depicted the purchasers' interests. But "represent" in the statute means, as we already have said in other words, represent to the purchaser. It means stand as the representative of title to the indicated thing, and that these slips did not do. The function of the slips might have been performed by descriptions in a book, or by memory, if the whole lottery business had been done by one man. They as little represented the purchasers' chances as the stubs in a check book represent the sums coming to the payees of the checks.

The judgment of the lower court is reversed and the sentence set aside, and the appellant is entitled to his costs as provided for by law.