## CITY OF MIAMI v. BOYD.
No. 4921.

Circuit Court, Dade County, Criminal Appeal.
June 15, 1960.

Stephen F. Bazzano, Miami, for appellant.

Olavi M. Hendrickson, City Attorney, John G. Thomas, Ass't. City Attorney, for appellee.

ROBERT L. FLOYD, Circuit Judge.

This cause coming on to be heard before the undersigned on appeal from the Miami municipal court wherein the appellant was charged with unlawful possession of " . . . any lottery ticket, or any evidence of any share or right in any lottery ticket . . . ", etc., in violation of section 849.09, Florida Statutes, and chapter 43, section 38 of the Miami City Code, which latter section makes a violation of the state statute an offense against the City of Miami, and the court having considered the transcript of testimony and evidence introduced in the trial in the lower court, having heard argument of counsel for the respective parties, and having read and considered the briefs filed herein and otherwise being fully advised in the premises, it is ordered as follows —

That the judgment and sentence appealed from in this case are hereby reversed on the grounds that it appears from the evidence and testimony that the appellant was in possession of certain alleged carbon copies of bolita tickets and this court is of the opinion that such carbon copies are not in themselves bolita tickets (lottery tickets) or evidence of any share or right in any lottery ticket, upon the authority of Francis v. United States, 188 U.S.

375, 47 L. Ed. 508; Starky v. City of Miami, Crim. App. 2225 (Circuit Court, Dade County, Carroll, J.) [4 Fla. Supp. 14]; and Brown v. City of Miami, Crim. App. 2764 (Circuit Court, Dade County, Carroll, J.).

That the appellant be, and he is, hereby discharged with his costs which said costs shall be hereinafter taxed, either in the lower court or in this court upon due application.